FILED

AUG 15 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Ronald Boyede Olajide Pro Se
4200 Park Blvd #137
Oakland, CA 94602

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

COUNTY OF ALAMEDA
Plaintiff
V.
RONALD BOYEDE OLAJIDE
Defendant

| |
| |
| |
| |

**C18-4955**

FEDERAL CASE:     **HSG**

**NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C.S. 1441(a)- FEDERAL QUESTION
CALIFORNIA STATE CASE # RG18909233**

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that defendant Ronald Boyede Olajide hereby removes to this Court the action the trial court described herein. On May 21 2018 an action was commenced in the Superior Court of the State of California for the County of Alameda entitled "County of Alameda, Plaintiff vs. Ronald Boyede Olajide, Defendant" as case number RG18909233.

    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.S. 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C.S. 1443(1) in that it arises under the 14th Amendment of the U.S. Constitution and the Civil Rights Act of 1866 and 1871.

## BACKGROUND

1. Plaintiff asserts in the Complaint one cause of action: for Declaratory Relief, claiming that Defendant doesn't have a right to have the equal privilege to (A) lien upon the real property that he has bestowed his labor and furnished his private property upon, for the purpose of securing the value of his labor and private property as is enjoyed by white citizens under the express terms of Article XIV section 3 of the Constitution of the State of California, protected to Defendant as a Black person by the Civil Rights

Act of 1866 and secured to him by the 14th Amendment to the U.S. Constitution; **(B)** claiming he doesn't he have a right to have the equal privilege to first be paid, or have money deposited into the trial court for the purpose of securing his receipt of just compensation due to him at an appropriate hearing at law as a consequence for the government's taking or damaging of his private property for their use to generate public charges, issue public debt and secure their receipt of public money as is enjoyed by white citizens under the express terms of Article 1 section 19 of the Constitution of the State of California, protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured to him by the 14th Amendment to the U.S. Constitution; **(C)** claiming he doesn't he have a right to be equally free from unwarranted searches and seizures of his persons and things without being afforded the same benefit as white citizens of procedural due process by being described under Oath or affirmation at an appropriate hearing at law, protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured by the 14th and 4th Amendments to the U.S. Constitution; **(D)** claiming he doesn't he have a right to be equally free from the uncompensated taking of his private property without being afforded the same benefit as white citizens of procedural due process by having an appropriate hearing at law to establish his fee for his just compensation protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured to him the 14th and 5th Amendments to the U.S. Constitution and that said Rights to equality are void, invalid, or otherwise "unenforceable" *See* Complaint, Conclusion .

2.  The Civil Rights Act of the year 1866 expressly states "citizens, of every race and color...shall have the same right, in every State and Territory in the United States, to... full and equal benefit of all laws and proceedings for the security of person and property, as is enjoyed by white citizens."- Whom Plaintiff's Complaint alleges. "is unenforceable" in the State of California by Defendant Ronald Boyede Olajide a known Black person to Plaintiff County of Alameda.

3.  On April 11, 2018, consistent with appropriations made by law Petitioner presented a lien with the County of Alameda's Clerk-Recorder Steve Manning for the purpose of securing his person's equal Right to have the equal privilege to lien upon the real property that he has bestowed his labor and

furnished his private property upon as is enjoyed by white citizens under the express terms of Article XIV section 3 of the Constitution of the State of California and also for the purpose of securing his persons right to have the equal privilege to first be paid, or have money deposited into the court for the purpose of securing his receipt of just compensation due to him at an appropriate hearing at law as a consequence for the governments taking or damaging of his private property for their use to generate public charges, issue public debt and secure their receipt of public money as is enjoyed by white citizens under the express terms of Article 1 section 19 of the Constitution of the State of California protected to the Defendant as a Black person by the Civil Rights Act of 1866 and secured to him by the 14th and 5th Amendments to the U.S. Constitution

4.  The lien provides for damages the sum of two billion five million dollars ($2,500,000,000.00), together with interest at the rate of 10% per annum from due as of April 11 2018 to Defendant for his fee to provide his private trade of labor by performing the special orders of County of Alameda's Sheriff's deputies by making physical efforts to furnish his blood, DNA, fingerprints likeness of his image and private names taken and used within their, public systems, and public papers while employing their executive power to contract human labor for the receipt of public money on account of Plaintiff's actions upon the real property appropriately described in Defendant's Lien consistent with appropriations made by law. County of Alameda has refused to pay the Defendant's claim of lien simply because he is of African descent.

5.  Plaintiff County of Alameda, their Officer's, deputies and employees were aware that The 14th Amendment to the U.S. Constitution expressly states "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws" at the time they filed the instant lawsuit on May 21, 2018 in the California Superior Court, County of Alameda as all of their Officer's have underwritten by their Signatures on recorded on papers appropriately filed consistent with appropriations made by law, promising the general public to undertake the obligation to support and defend the "Constitution of the

United States" and the Constitution of the State of California and bear true faith and allegiance to the same.

6. Plaintiff has refused to comply with the permanent laws of the United States of America depriving Defendant of having a Federal Rights to equal protection of the laws.

7.                                **GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C.S. 1443(1), which provides that: Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:  (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

8.  **CLAIM RELATING TO CIVIL RIGHTS LAW REQUIREMENT SATISFIED**

9. Defendant cannot enforce in the courts of California the following Federal Civil Rights under the Civil Rights Act of 1866 providing for equal civil rights to Black Citizens of the United States and therefore is denied in the courts of California his Federal Right to equal protection of the laws within the jurisdiction of California under the 14th Amendment to the U.S. Constitution.

10. Defendant cannot enforce in the courts of California a Federal Right to have the equal privilege to lien upon the real property that he has bestowed his labor and furnished his private property upon, for the purpose of securing the value of his labor and private property as is enjoyed by white citizens under the express terms of Article XIV section 3 of the Constitution of the State of California protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured by to him by the 14th Amendment to the U.S. Constitution.

11. Defendant secondly, cannot enforce in the trial courts of California a Federal Right to have the equal privilege to first be paid, or have money deposited into the trial court for the purpose of securing his receipt of just compensation due to him at an appropriate hearing at law as a consequence for the government's taking or damaging of his private property for their use to generate public charges, issue

public debt and secure their receipt of public money as is enjoyed by white citizens under the express terms of Article 1 section 19 of the Constitution of the State of California, protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured to him by the 14th Amendment to the U.S. Constitution;

12. Defendant thirdly, cannot enforce in the courts of California a Federal Right to be equally free from unwarranted searches and seizures of his persons and things without being afforded the same benefit as white citizens of procedural due process by being described under Oath or affirmation at an appropriate hearing at law, protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured by the 14th & 4th Amendments to the U.S. Constitution.

13. Defendant fourth of all, cannot enforce in the courts of California a Federal Right to be equally free from the uncompensated taking of his private property without being afforded the same benefit as white citizens of procedural due process by having an appropriate hearing at law to establish his fee for his just compensation protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured to him the 14th & 5th Amendments to the U.S. Constitution.

14. **SHOWING STATE LAW DENIES OPPURTUNITY TO RAISE FEDERAL RIGHT**

15. Defendant cannot enforce his Federal Right to have equal protection of the laws in the courts of California as is secured to every person in California's Jurisdiction for the following reasons; **First**, because the nature of his claims involve the payment of lawful money that now must be paid into a court of California for the benefit of Defendant consistent with appropriations made by law since the Plaintiff has refused to pay him and is a corporate entity of the State of California operating under color of authority derived from the Constitution of the State of California, a document which true purpose is to take private property for public use to obtain the benefit of money; however there isn't any provision in the California's Constitutions that expressly requires any government officials to pay the benefit of Money to at least one identifiable person or any black person for that matter as a consequence for taking said person's private property for public use; therefore the courts of California and all persons working in them are missing a key element under their Constitution to establish any

legitimate trust for a black person to rely upon their conduct under its provisions, leaving Defendant without any remedy at law to obtain his lawful money.

16.   The **second** reason Defendant cannot enforce his Federal Right to have equal protection of the laws in the courts of California as is secured to every person in California's Jurisdiction is because under the California statute entitled *An ACT concerning the office of State Treasurer*, the California's Treasurer is charged with the duty to "receive and keep all moneys of the State, not expressly required by law to be received and kept by some other person"; Because this law was enacted at a time when black persons where legally considered property and their Constitutions don't expressly require the government to pay RONALD BOYEDE OLAJIDE, Defendant is currently denied the opportunity to enforce a Federal Right to have the equal privilege to first be paid, or have money deposited into the trial court for the purpose of securing his receipt of just compensation due to him at an appropriate hearing at law as a consequence for the government's taking or damaging of his private property for their use to generate public charges, issue public debt and secure their receipt of public money as is enjoyed by white citizens under the express terms of Article 1 section 19 of the Constitution of the State of California, protected to Defendant as a Black person by the Civil Rights Act of 1866 and secured to him by the 14th Amendment to the U.S. Constitution.

17.   The **third** reason the Defendant cannot enforce his Federal Rights in the courts of California is because the County of Alameda's Board of Supervisors have acted in concert with all persons employed under their executive power to procure human labor under contract for the receipt of public money to agree ratify and enforce a policy to act under color of *An Act to create the County of Alameda and establish the Seat of Justice therein, to define its boundaries and to provide for its organization, approved March twenty-fifth*, the County of Alameda's administrative code section 2.18.030 and California's government code section 77212 to first identify Defendant as a Black person and seize his things including his name RONALD BOYEDE OLAJIDE, without affording him the same benefits given to white citizens by asking for his consent or giving him procedural due process by describing his things under Oath or affirmation at an appropriate hearing consistent with

appropriations made by law for the issuance of a warrant to lawfully authorize the seizure of Defendant's things for the purpose of depriving Defendant of having a right to equal protection of the laws.

18. In furtherance of their policy Sue Pesko deputy clerk for Plaintiff's elected Clerk-Recorder Melissa Wilk and Audrey A. Beaman deputy counsel for Plaintiff's appointed County Counsel Donna Ziegler acted in concert under color of the same laws without affording Defendant the same benefits given to white citizens by asking for his consent or giving him procedural due process by describing any of his things under Oath or affirmation at a probable cause hearing for the issuance of a warrant to lawfully authorize the seizure of Defendant's name, to physically take and use Defendant's name RONALD BOYEDE OLAJIDE within County of Alameda's and the Superior Court of Alameda County's public systems and documents for the purpose of securing their receipt of public money paid to them on account of the County of Alameda's collection of services provided under contracted human labor to the Superior Court of Alameda County which includes Audrey A. Beaman's willful service to draft and endorse the public document titled "Petition for Release of Property From Lien" by use of Defendant's name RONALD BOYEDE OLAJIDE received by Sue Pesko on May 21, 2018 who provided her willful service to file and issue the document endorsed by Audrey A. Beaman case number RG18909233 for the trial court then indexed, registered and preserved all documented matters using Defendant's name RONALD BOYEDE OLAJIDE in the trial court's permanent record without affording Defendant the same benefit given to white citizens to pay Defendant, or have money deposited into the trial court for the purpose of securing his receipt of just compensation due to him as evidence in his Claim of Lien.

19. County of Alameda's Board of Supervisors and all persons employed under their executive power to procure human labor under contract for the receipt of public money committed these acts deliberately because the County's policy amounts to their receipt of Money and the County of Alameda's policy is what controls these people's actions. As a result of these actions the Defendant has been deprived of having a right to equal protection of the laws despite the fact that Defendant presented a claim of lien

and demand for payment of two billion five million dollars in lawful money with interest at the rate of 10 % per annum to the County of Alameda's Clerk-Recorder's office on April 11, 2018 which was deliberately filed later under the supervision of Kevin Hing on 4/19/2018 in the official records of Alameda County under file # 2018078072 and accepted by the County of Alameda's Robin Ameperosa on behalf of their Board of Supervisors on April 16, 2018 evidenced by United States Postal Service return receipt # 95909402219461939801839.

20. In furtherance of their conspiracy none of the County of Alameda's Board of Supervisors and all persons employed under their executive power to procure human labor under contract for the receipt of public money have not taken any action to pay or indicate their intention to pay the full value of Petitioner's claim, rightfully owed to him.

21. A copy of Defendant's Claim of Lien and demand is hereby incorporated to this Notice of removal as exhibit A' and a copy of County of Alameda's acceptance of his claim via endorsement of United States Postal Service return receipt # 95909402219461939801839 is herby incorporated to this Notice of removal as exhibit B'.

22. **The Other Prerequisites for Removal Are Satisfied.**

23. This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt.... Of the initial pleading... to file the notice of removal." 28 U.S.C.S. 1446(b)(2)(B). The first date upon which defendant, received a copy of the said complaint was August 5, 2018 as a copy of said complaint was left for his collection at his mailing address without any summons issued from the court directing Defendant to appear before the Court.

24. This action is properly removed to the United States District Court for the Northern District of California which is the district embracing the place where the action is pending." 28 U.S.C.S.1441 (a); *see also* 28 U.S.C.S. 84 (a)

25. Title 28 U.S.C.S. 1446 (a), requires a copy of all process, pleading, and orders served upon the removing defendant in the state court action to be included with this Notice of Removal. Petitioner has

attached a copy of these papers and has attached them hereto as Exhibit C, Complaint, Civil Case Cover Sheet, proof of service and Exhibit D, Notice of hearing.

26. Pursuant to 28 U.S.C.S. 1446 (d), a Notice to Adverse Party of Removal to Federal Court has been delivered to the State court via USPS Priority mail Express.

27. By filing this Notice of Removal, Ronald Boyede Olajide does not waive his right to seek to compel arbitration, or to object to jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and or objections to which he may be qualified to assert.

28. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of his position that subject matter jurisdiction exists.

29.                                    **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays to the almighty God of Nature for this Court to enter relief as follows:

30.    Defendant respectfully request that this Court, pursuant to 28 U.S.C.S. 2201, construe County of Alameda's actions under color of state law upon the Defendant and enter a declaratory judgment stating that these actions unjustly deprives Defendant of having a Federal Right to equal protection of the laws secured by the 14th Amendment to the Constitution of the U.S.A. in violation of the U.S.A.'s Civil Rights Acts of the years 1866 and 1871 (42 U.S.C.S., 1983 & 1985); Enter a declaratory judgment that Defendant is entitled to have a Federal Right to equal protection of the laws and that he is entitled to a lien upon the real property his claim is based upon; Enter a declaratory judgment that Defendant's lien is valid upon the real property his claim is based on and evidences a Debt owed to Defendant by County of Alameda in the sum of two billion five million dollars in lawful money at the rate of 10% per annum from the April 11 2018 when the balance became due.

31. Petitioner respectfully request that this Court enter judgment foreclosing Plaintiff's interest in the Property; and for an order directing the Property to be sold as provided by law to satisfy the amount owed to Defendant; For a judgment against Plaintiff for any deficiency remaining after the sale.

32. Petitioner respectfully request that this Court enter a preliminary and permanent injunction enjoining the County of Alameda and all other State actors from taking any actions under color of state law that may cause Defendant, RONALD BOYEDE OLAJIDE to be deprived of having a Federal Right to equal protection of the laws.

Dated August 13, 2018

**TRIAL BY JURY WITH PEERS OF MY PEERS IS HEREBY REQUESTED**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 08-13-2018

All Rights Reserved.

By: _Ronald Olajide_ Ronald Boyede Olajide Pro Se
4200 Park Blvd #137 Oakland, CA 94602

Recording requested by (name):
Olajide, Ronald

When recorded, mail to (name and address):
Ronald Boyede Olajide

4200 Park Blvd #137

Oakland, CA 94602

2018078072    04/19/2018 08:45 AM

OFFICIAL RECORDS OF ALAMEDA COUNTY
STEVE MANNING
RECORDING FEE:    105.00

3    PGS

Recorder's Use Only

# CLAIM OF
# MECHANICS LIEN

## (Cal. Civ. Code § 8416)

Declaration of Exemption From Gov't Code § 27388.1 Fee

☐ Transfer is exempt from fee per GC § 27388.1(a)(2):
☐ recorded concurrently "in connection with" transfer subject to DTT
☐ recorded concurrently "in connection with" a transfer of
  residential dwelling to an owner-occupier
☐ Transfer is exempt from fee per GC 27388.1(a)(1):
  ☐ Fee cap of $225.00 reached    ☐ Not related to real property

1.    Ronald Boyede Olajide ("claimant") claims a mechanics lien for the labor
or services or equipment or materials described in paragraph 2, furnished for a work of improvement on that certain real
property located in the County of Alameda , State of California, and more particularly described
as (address and/or sufficient description): 5325 Broder Blvd, Dublin, CA 94568, Parcel # 986-5-36-1 and
986-5-36-2

2.    After deducting all just credits and offsets, the sum of $2,500,000,000.00 , together with interest at the
rate of 10 % per annum from 4/11/2018 (date when balance became due), is due claimant for the
following labor, materials, services, or equipment: his private trade of labor by performing the special orders of
their Sheriff's deputies, furnished his blood, DNA, fingerprints likeness of his image and private name,
used in their public documents and records on personal file number BDJ279

3.    Claimant furnished the labor or services or equipment or materials, at the request of County of Alameda's
Sheriff's deputies. (employer, person, or entity to whom
labor, materials, services, or equipment were furnished).

4.    The name and address of the owner or reputed owner of the real property is/are: County of Alameda

5.    Claimant's address is: 4200 Park Blvd #137 Oakland, California [94602]

Dated 4/11/2018

(Signature)

## VERIFICATION

I, Olajide, Ronald Boyede , am the: Owner ("owner,"
"president," "authorized agent," "partner," etc.) of claimant on the foregoing claim of mechanics lien, and am authorized to
make this verification for and on its behalf. I have read the foregoing claim of mechanics lien and know the contents of the
claim of mechanics lien to be true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated 4/11/2018

(Signature)

1/24/18

**SENDER: COMPLETE THIS SECTION**

■ Complete Items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

. Article Addressed to:

~~ Board of Supervisors~~
Administration Building
~~ Oak Street Rm 536~~
Oakland, CA 94612

9590 9402 2194 6193 9808 39

2. Article Number (Transfer from service label)

7015 1730 0000 4275 7810

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Rallu_                    ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Robin Amperose                   4/16/18

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015   PSN 7530-02-000-9053      Domestic Return Receipt

Exhibit B

Exhibit C



21184209

1 | DONNA ZIEGLER [SB 142415]
2 | County Counsel
AUDREY A. BEAMAN [SB 205177]
3 | Deputy County Counsel
Office of the County Counsel
4 | COUNTY OF ALAMEDA
5 | 1221 Oak Street, Suite 450
Oakland, California 94612
6 | Telephone: (510) 272-6700
Attorneys for Plaintiff
7 | County of Alameda

**FILED
ALAMEDA COUNTY**

MAY 2 1 2018

CLERK OF THE SUPERIOR COURT
By_____
Deputy

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF ALAMEDA

RG18909233

11 | County of Alameda,               Case No.:

12 |                  Plaintiff,      **PETITION FOR RELEASE OF
PROPERTY FROM LIEN**

13 | vs.

14 |
Ronald Boyede Olajide,

15 |
                 Defendant

16 |

17 |

18 | Petitioner alleges:

19 | 1. At all times relevant herein, Petitioner, the County of Alameda ("County") was,

20 | and now is, the owner of real property ("the Property") located in Dublin, Alameda

21 | County commonly known as 5325 Broder Blvd. Dublin, CA 94568 and described as

22 | follows:

23 | Parcel #986-5-36-1 (Legal Description attached here and marked Exhibit "A" and

24 | incorporated by reference);

25 | Parcel #986-5-36-2 (Legal Description attached here and marked Exhibit "B" and

26 | incorporated by reference).

27 |

28 |

County of Alameda v. Olajide, Petition for Release of Property from Lien                    1

2. At all times relevant herein, Respondent Ronald Boyede Olajide ("Respondent") was, and now is, an individual and claims to have contributed to the work of improvement on the Property.

3. On April 11, 2018, in the Official Records of the County of Alameda, California, Respondent recorded a claim of mechanic's lien against the property as 2018078072. A true and correct copy of the claim of lien is attached here and marked Exhibit "C" and incorporated by reference.

4. On May 2, 2018, Petitioner gave Respondent written notice by certified mail pursuant to Civil Code Section 8482 demanding that Respondent execute and record a release of the lien claim. A true and correct copy of the notice sent to Respondent is attached here and marked Exhibit "D" and incorporated by reference.

5. On May 16, 2018, Respondent sent a response to County, by e-mail, refusing to release the lien claim unless the County pays him $2.5 billion or provides proof to support Respondent's claims. A true and correct copy of the e-mail correspondence from Respondent is attached here and marked Exhibit "E" and incorporated by reference.

5. Petitioner has not filed for relief under any law governing bankruptcy, and there exists no other restraint to prevent Respondent from filing to foreclose the lien.

6. An action to enforce the claim of lien recorded by Respondent is not pending.

## I.     Relevant Legal Authority

"A mechanic's lien is a procedural device for obtaining payment of a debt by a property owner for the performance of labor or the furnishing of materials used in construction." *North Bay Const., Inc. v. City of Petaluma*, 143 Cal.App.4th 552, 556 (1st Dist. 2006). A mechanic's lien will not attach to a public entity's property. *Id.* Additionally, the general rule is that a mechanic's lien will only attach to property when a claimant has undertaken actual visible work on the land. *Walker v. Lytton Sav. & Loan Assn.*, 2 Cal. 3d 152, 157 (1970). The types of persons who can assert a

---

mechanic's lien include a direct contractor, a subcontractor, a material supplier, laborer, or a design professional. Cal. Civ. Proc. Code § 8400. An owner whose property has been encumbered does not have to wait until the respondent sues to enforce the lien; the imposition of the lien, and the owner's denial of the validity comprise a controversy sufficient to permit an immediate suit for declaratory relief. Cal. Civ. Proc. Code § 1060; *Connolly Dev., Inc. v. Superior Court*, 17 Cal.3d 803, 823 (1976).

## A. Respondent's Mechanic's Lien Against Property Owned by the County of Alameda is Improper

A mechanic lien may not attach to public property. Cal. Civ. Proc. Code § 8160. Mechanic's liens are authorized under Title 2 of the California Civil Procedure Code which governs private works of improvement and "work[s] of improvement that [are] not [public works of improvement] governed by Title 3." Cal. Civ. Proc. Code § 8160. Under Title 2 only private works of improvement, and all other works of improvement except public works are susceptible to mechanic's liens. "Public entity" is defined as "the state, Regents of the University of California, a county, city, district, public authority, public agency...." Cal. Civ. Proc. Code § 8036.

In addition, the Court in *North Bay Construction, Inc. v. City of Petaluma* found that mechanic's liens do not apply to public works which are defined as "any work of improvement contracted for by a public entity." *North Bay Const., Inc. v. City of Petaluma*, supra at 556. The principles of sovereign immunity prevent the imposition of a lien on the property of a public entity, except where a lien is "impressed on public property expressly by statute." *Id.* No such statute exists, expressly authorizing the imposition of a mechanic's lien on public property. Respondent is asserting the lien against the Property, which is public property belonging to the County of Alameda, a public entity. As public property, the Property is not susceptible to a mechanic's lien and Respondent's claim is improper.

1

2 **B. Respondent Has Not Performed a Work of Improvement on the County's Property and Respondent is Not Eligible to Assert a Mechanic's Lien**

3    Respondent does not have a cognizable claim against the County because

4 Respondent did not perform an actual visible work of improvement on the Property.

5 *D'Orsay Intern. Partners v. Superior Court*, 123 Cal. App. 4th 836, 842 (2d. Dist. 2004)

6 (A mechanic's lien will not attach on property until the party asserting the lien

7 undertakes visible work on the property).  Respondent is asserting a lien on the

8 Property for his "private trade of labor by performing the special orders of their Sheriff's

9 deputies, furnished his blood, DNA, fingerprints likeness of his image and private name,

10 used in their public documents and records on personal file number BDJ279."

11 Respondent does not raise the undertaking of a visible work of improvement on the

12 County's property as his reason for imposing a mechanic's lien on the property.

13    By raising this defense the County is not suggesting that the lien is merely

14 defective and that Respondent has the ability to cure or file a lien against the property.

15 The County stands by its assertion above that Respondent may not file a mechanic's

16 lien against the property because the Property is owned by a public entity. However,

17 even if Respondent had the ability to file a mechanic's lien, the claim would not be

18 cognizable because Respondent has not performed a visible work of improvement on

19 the property.

20    Further, Respondent is not the type of person entitled to assert a mechanic's lien.

21 Code of Civil Procedure § 8400 (A person that provides work authorized for a work of

22 improvement, on which a mechanic's lien is based, includes: a direct contractor, a

23 subcontractor, a material supplier, laborer, or a design professional). Respondent was

24 an inmate in the Alameda County Jail in Santa Rita at the time he engaged in the

25 activity on which the lien is based.  At no time has Respondent performed work of

26 improvement as a direct contractor, subcontractor, material supplier, laborer or design

27

28

1   professional on the Property. Thus, Respondent is not the type of person who is

2   authorized to perform a work of improvement for which he can claim a mechanic's lien.

3       In sum, Respondent did not perform a visible work of improvement for which he

4   can assert a mechanic's lien, and Respondent is not the type of worker that can assert

5   a mechanic's lien on County property for unpaid fees. Therefore, Respondent's

6   mechanic's lien is defective.  Even if these defects were cured, Respondent would still

7   be unable to assert the lien against the Property because it is owned by a public entity.

8                       **II.**    **Conclusion**

9       WHEREFORE, Petitioner requests that this court issue an order or decree:

10       1. Declaring that under Civil Code § 8160, Respondent's claim of lien is

11   improper as against the County of Alameda, a public entity and is unenforceable;

12       2. Releasing the Property, under Civil Code § 8480 from the claim of lien

13   recorded by Respondent; and

14       3. Awarding Petitioner, under Civil Code § 8488(c), reasonable attorney fees

15   incurred in demanding said release from Respondent and in bringing this Petition in an

16   amount to be determined by motion after entry of judgment.

17

18   DATED:     May 21, 2018         DONNA R. ZIEGLER,

19                                     County Counsel in and for the

20                                     County of Alameda, State of California

21

22                                By

23                                    Audrey A. Beaman

24                                    Deputy County Counsel

25                                    Attorneys for County of Alameda

26

27

28

County of Alameda v. Olajide
Petition for Release of Property from Lien

# Exhibit A

## EXHIBIT "A"
## COUNTY OF ALAMEDA DESCRIPTION

(Alameda County Property Commonly known as Santa Rita Jail)

**MAP: E-4807**
**APN: 986-0005-036 (Por.)**

**DESC. No. 36271**
**DATED: July 15, 2013**

All that real property situated in Murray Township, Alameda County, California, being a portion of the 83.18 acre parcel of land granted to the County of Alameda as described in Series 98433299, recorded December 09, 1998 Official Records of Alameda County, and shown as "County of Alameda 98-433299 O.R. 83.18 AC. ± NOT A PART" on Parcel Map 7708 filed in Book 256 Parcel Maps Pages 17-20 on March 14, 2001, more particularly described as follows:

**BEGINNING** at a point on the southerly line of said County of Alameda parcel (98433299), distant thereon South 88°22'12" East (the bearing of said southerly line being taken as South 88°22'12" East for the purpose of this description), 1,330.00 feet from the southwest corner thereof, and marked by a concrete monument and brass disk stamped "26 1969";

Thence along said southerly line North 88°22'12" West, 1,330.00 feet to said southwest corner;

Thence along the westerly line of said County of Alameda parcel (98433299) the following two courses:

1. North 7°05'22" East, 199.99 feet to an angle point therein, and marked by a concrete monument and brass disk stamped "25 1969",
2. North 1°21'27" East, 1,077.06 feet along a line established by concrete monument and brass disk stamped "25 1969" and concrete monument and brass disk stamped "24 1969";

Thence leaving said westerly line and running along the northerly line of said County of Alameda parcel (98433299), South 88°22'12" East  1,316.10 feet;

Thence leaving said northerly line South 1°37'48" West, 1,276.14 feet to the **POINT OF BEGINNING.**

Containing 38.51 acres, more or less

Bearings shown are on the California Coordinate System of 1927 (CCS27), Zone 3, Distances are ground level. To obtain grid level distances, multiply by 0.99990271

END OF DESCRIPTION

County of Alameda v. Olajide
Petition for Release of Property from Lien

# Exhibit B

## EXHIBIT "B"
## COUNTY OF ALAMEDA DESCRIPTION

(Alameda County Property Commonly known as Santa Rita Jail)

**MAP: E-4807-1**                                                 **DESC. NO. 36272**
**APN: 986-0005-036 (Por.)**                                     **DATED: July 15, 2013**

All that real property situated in Murray Township, Alameda County, California, being a portion of the 83.18 acre parcel of land granted to the County of Alameda as described in Series 98433299, recorded December 09, 1998 Official Records of Alameda County, and shown as "County of Alameda 98-433299 O.R. 83.18 AC. ± NOT A PART" on Parcel Map 7708 filed in Book 256 Parcel Maps Pages 17-20 on March 14, 2001, more particularly described as follows:

**BEGINNING** at a point on the southerly line of said County of Alameda parcel (98433299), distant thereon South 88°22'12" East (the bearing of said southerly line being taken as South 88°22'12" East for the purpose of this description), 1,330.00 feet from the southwest corner thereof, and marked by a concrete monument and brass disk stamped "26 1969";

Thence along said southerly line North 1°37'48" East, 1,276.14 feet to the northerly line of said County of Alameda parcel (98433299);

Thence along said northerly line South 88°22'12" East, 1,521.70 feet to the northeast corner, of said County of Alameda parcel (98433299);

Thence along the easterly line of said parcel, South 1°21'27" West, 1,276.15 feet to the southeast corner thereof;

Thence along the southerly line of said parcel, North 88°22'12" West 1,527.77 feet to the **POINT OF BEGINNING.**

Containing 44.67 acres, more or less

Bearings shown are on the California Coordinate System of 1927 (CCS27), Zone 3, Distances are ground level. To obtain grid level distances, multiply by 0.99990271

END OF DESCRIPTION

County of Alameda v. Olajide
Petition for Release of Property from Lien

# Exhibit C

Recording requested by (name):
Olajide, Ronald

When recorded, mail to (name and address):
Ronald Boyede Olajide

4200 Park Blvd #137

Oakland, CA 94602

2018078072   04/19/2018 08:45 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
STEVE MANNING
RECORDING FEE:   105.00

3   PGS

Recorder's Use Only

# CLAIM OF
# MECHANICS LIEN

(Cal. Civ. Code § 8416)

**Declaration of Exemption From Gov't Code § 27388.1 Fee**

☐ Transfer is exempt from fee per GC § 27388.1(a)(2):
  ☐ recorded concurrently "in connection with" transfer subject to DTT
  ☐ recorded concurrently "in connection with" a transfer of
  residential dwelling to an owner-occupier
☐ Transfer is exempt from fee per GC 27388.1(a)(1):
  ☐ Fee cap of $225.00 reached   ☐ Not related to real property

1.    Ronald Boyede Olajide _____ ("claimant") claims a mechanics lien for the labor

or services or equipment or materials described in paragraph 2, furnished for a work of improvement on that certain real

property located in the County of Alameda _____, State of California, and more particularly described

as (address and/or sufficient description): 5325 Broder Blvd, Dublin, CA 94568, Parcel # 986-5-36-1 and

986-5-36-2

2.    After deducting all just credits and offsets, the sum of $2,500,000,000.00 _____, together with interest at the

rate of 10 % per annum from 4/11/2018 _____ (date when balance became due), is due claimant for the

following labor, materials, services, or equipment: his private trade of labor by performing the special orders of

their Sheriffs deputies, furnished his blood, DNA, fingerprints likeness of his image and private name,

used in their public documents and records on personal file number BDJ279

3.    Claimant furnished the labor or services or equipment or materials, at the request of County of Alameda's

Sheriff's deputies, _____ (employer, person, or entity to whom

labor, materials, services, or equipment were furnished).

4.    The name and address of the owner or reputed owner of the real property is/are: County of Alameda

5.    Claimant's address is: 4200 Park Blvd #137 Oakland, California [94602]

Dated 4/11/2018 _____

All Rights Reserved

(Signature)

## VERIFICATION

I, Olajide, Ronald Boyede _____, am the: Owner _____ ("owner,"

"president," "authorized agent," "partner," etc.) of claimant on the foregoing claim of mechanics lien, and am authorized to

make this verification for and on its behalf. I have read the foregoing claim of mechanics lien and know the contents of the

claim of mechanics lien to be true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Dated 4/11/2018 _____

All Rights Reserved

(Signature)

1/24/18

**PROOF OF SERVICE AFFIDAVIT**
**California Civil Code section 8416**

Failure to serve the Mechanic's Lien and Notice of Mechanic's Lien on the owner, or alternatively if the owner cannot be served on the lender or direct contractor, shall cause the Mechanic's Lien to be unenforceable as a matter of law (Civil Code Section 8024(d)). Service of the Mechanic's Lien and Notice of Mechanic's Lien must be by (1) registered mail, (2) certified mail, or (3) first-class mail evidenced by a certificate of mailing, postage prepaid, and to a residence or business address for the owner, lender or contractor. Further, a Proof of Service Affidavit (below) must be completed and signed by the person serving the Mechanic's Lien and Notice of Mechanic's Lien. This page should be completed (either one of the sections below) and recorded with the County Recorder along with the Mechanic's Lien and Notice of Mechanic's Lien.

**PROOF OF SERVICE AFFIDAVIT (ON OWNER)**
**California Civil Code section 8416(a)(7) and (c)(1)**

I, Devin Mckinney _____ (name), declare that I served a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the owner(s) or reputed owner(s) of the property:

Company/Person Served: County Of Alameda _____

Title or capacity of person served (if appropriate): Board of Supervisors _____

Service address: 1221 Oak Street, rm 536 Oakland, CA 94612 _____

Said service address is the owner's residence, place of business, or address showed by the building permit on file with the permitting authority for the work.

Executed on 4/11 _____, 20 18 (date) at Miami _____ (city), Dade-Miami _____ (county), ~~California.~~ Florida

By: _____
(Signature of person making service)

## ALTERNATE PROOF OF SERVICE AFFIDAVIT (ON LENDER OR DIRECT CONTRACTOR)

**California Civil Code Section 8416(a)(7) and (c)(2)**

I, _____ (name), declare that the owner or reputed owner cannot be served with a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail. Pursuant to California civil Code section 8416(c )(2), I served a copy of this Mechanic's Lien and Notice of Mechanic's Lien by registered mail, certified mail, or first-class mail evidenced by a certificate of mailing, postage prepaid, addressed as follows to the construction lender or direct contractor as follows:

Company/Person Served: _____

Title or capacity of person served (if appropriate): _____

Service address: _____

Executed on _____, 20_____ (date) at _____ (city), _____ (county), California.

By: _____
(Signature of person making service)



OFFICE OF THE COUNTY COUNSEL

1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700      Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

May 2, 2018

**7002 2030 0006 2254 6001**

*Via Certified Mail/Return Receipt Requested*
Ronald Boyede Olajide -
4200 Park Blvd., #137
Oakland, CA 94602

RE:   Demand for Release of Claim of Lien

Dear Mr. Olajide:

This notice serves as a demand that you execute and record a release of the claim of Mechanic's Lien recorded on April 11, 2018, as instrument No. 2018-078072, in the official records of Alameda County, California. A Release of Lien form is included with this notice for your convenience.

This demand for release is made on the grounds that a private individual cannot impose a mechanic's lien on property owned by a public entity.[1] The County of Alameda is a public entity, and as a private individual you cannot impose a mechanic's lien on County property.

Also, a mechanic's lien will not attach on property until the party asserting the lien undertakes actual visible work on the property.[2] You have not undertaken a visible work of improvement[3] on the County's property and therefore cannot assert a mechanic's lien on County property for unpaid fees.

If a validly executed release of mechanic's lien is not received by May 17, 2018, the County will have no alternative but to file a petition with the court to extinguish the lien and to pursue its claims against you for all consequential damages stemming from the invalid claims.

Very truly yours,

DONNA R. ZIEGLER
County Counsel

By   Donna Ziegler
Donna R. Ziegler
County Counsel

DRZ/jam
Enclosure

---

[1] *North Bay Const., Inc. v. City of Petaluma*, 143 Cal.App.4th 552, 556 (1st Dist. 2006).
[2] *D'Orsay Intern. Partners v. Superior Court*, 123 Cal. App. 4th 836, 842 (2d. Dist. 2004).
[3] A work of improvement includes: construction, alteration, repair, demolition, or removal, in whole or in part, of, or addition to, a building, wharf, bridge, ditch, flume, aqueduct, well, tunnel, fence, machinery, railroad, or road. Cal. Civ. Proc. Code § 8050(a)(1).

Recording requested by (name):

_____

When recorded mail to
and mail tax statements to:

_____

_____

_____

_____

Recorder's Use Only

# RELEASE OF MECHANICS' LIEN

**(CA Civil Code §§ 8120-8130, 8400 et seq.)**

**Declaration of Exemption From Gov't Code § 27388.1 Fee**

☐ Transfer is exempt from fee per GC § 27388.1(a)(2):
  ☐ recorded concurrently "in connection with" transfer subject to Documentary Transfer Tax
  ☐ recorded concurrently "in connection with" a transfer of residential dwelling to an owner-occupier
☐ Transfer is exempt from fee per GC 27388.1(a)(1):
  ☐ Fee cap of $225.00 reached    ☐ Not related to real property

The claim of mechanics' lien asserted by _____

(name of claimant as printed on Contractor's License or Secretary of State records) against

_____

(owner(s)) affecting the real property in  the city of _____, County of

_____, California, located at (address and/or sufficient description):

_____

_____

is hereby waived and released, and that certain Mechanics' Lien recorded on _____ (date) as

Instrument No. _____ and/or in Book/Reel _____, Page/Image

_____, in the official records of _____ County, California, is

hereby fully satisfied, released, and discharged.


_____          _____
(Date)                                    (Claimant)

                                          _____
                                          (Signature of Claimant or Authorized Agent)

                                          _____
                                          (Print Name and Title)

## ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )
County of _____  )

On _____ before me, _____
                                          (insert name and title of the officer)

personally appeared _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____

## Beaman, Audrey A., County Counsel

**Subject:**            FW: Conditional acceptance of Demand for release of Claim of Lien

**From:** Sun 365 <dsun365@yahoo.com>
**Date:** May 16, 2018 at 10:54:46 AM PDT
**To:** "Ziegler, Donna, County Counsel" <donna.ziegler@acgov.org>
**Subject: RE: Conditional acceptance of Demand for release of Claim of Lien**
**Reply-To:** Sun 365 <dsun365@yahoo.com>

Dear Ms. Donna Ziegler

In response to your correspondence dated May 2, 2018 addressed to RONALD BOYEDE OLAJIDE herein after "RONALD" in which you demanded that RONALD perform the labor necessary to remove the lien recorded on April 11, 2018 as instrument No. 2018-078072, in the official records of Alameda County, California. RONALD gladly accepts your offer for him to perform the labor necessary to remove this lien upon the condition that you first pay RONALD for his service to you in the amount of 2,500,000,000.00 dollars in lawful money or upon your providing RONALD proof of the following claims:

1. That RONALD has hired you or any other person working for profit under the fictitious name "COUNTY OF ALAMEDA" to provide him with any services classified as "Public Administration" in the North American Industries Classification System sector # 92.
2. That the actions of you or any other natural persons acting in any "Official" capacity under the California Constitution are not bound to the obligations agreed to be performed under the Constitution of the United States and the State of California.
3. That the you or any other natural persons acting in any "Official" capacity under the California and U.S. Constitution are not obligated and bound to first Pay RONALD, or into court lawful money for RONALD'S just compensation as a result of any physical taking and use of his valuable private property, being his private good names in your documents while employing your labor for the purpose of securing the receipt and public benefit of "money".
4. That the outstanding Debt owed by the true property owner to RONALD is not his private property.
5. That as a sole proprietor doing business in the County of Alameda, California RONALD does not have a right to lawfully contract his labor at the request of you or any other natural persons acting in any "Official" capacity under the California and U.S. Constitution for the purpose of making, receiving and paying public debts in lawful money of the State of California.
6. That Article XIV section 3 of the California Constitution does not secure RONALD'S right to lien upon the property described in the lien for the labor he performed upon said property pursuant to the orders of Alameda County Sheriff's deputies.
7. That Alameda County deputy Sheriff's were not employing their labor for the purpose of securing the receipt of a public benefit "money" as defined in California financial code section 2003(p).
8. That the accounts held in the name of COUNTY OF ALAMEDA did not receive valuable consideration from RONALD as the Alameda County Sheriff's deputies

1

discharged their ministerial duties upon the land and property described in said lien, pursuant to the County of Alameda's covenant under section 4.9 of the Facility Lease agreement originally dated December 1 1985, recorded December 12, 1985, as instrument No. 85-263994, in the official records of Alameda County, California by ordering RONALD to preform the labor necessary to provide his valuable private property, including but not limited to his private good name, RONALD BOYEDE OLAJIDE, fingerprints, likeness, D.N.A., blood and energy to occupy said property for periods of time.

9. That RONALD didn't perform the labor necessary to satisfy Alameda County Sherriff's deputies orders so they may take RONALD'S private property including but not limited to his good name, an image of his likeness, finger and palm prints, samples of his D.N.A. and blood for them to keep.

10. That RONALD didn't perform the labor necessary to satisfy Alameda County Sherriff's deputies orders so they may lock him inside rooms where he was confined from having the liberty to go elsewhere without being the subject of a warrant as described in the 4th Amendment.

11. That accounts held in the name COUNTY OF ALAMEDA didn't receive any public benefit of "money" or see any improvement in the value of said accounts as a result of Alameda County Sherriff's deputies taking and usage of any of RONALD'S private property including but not limited to his good name, evidenced in bail bond receipt #167543, 161852, 167544 and others displaying RONALD'S private name.

12. That you or any other person is a holder in due course, of a bona-fide contract that grants them any power or right to subject RONALD to the performance of any obligation agreed upon under the express terms of the California Constitution or the U.S. Constitution or agreements entered into by principal people using the name COUNTY OF ALAMEDA for their profit.

13. That the name COUNTY OF ALAMEDA is in fact the true name of the Owner of the land and property described in the lien.

14. That the true Owner of the land and property described in the lien has in fact fully paid the outstanding balance of RONALD'S fee to provide the labor necessary to lend them use of his valuable private property pursuant to the orders and ministerial duties of their subcontracted agents.

After providing your proof of these claims RONALD will gladly perform any lawful obligations he may have to release the lien upon said land and property.

> Very truly Not yours,
> RONALD BOYEDE OLAJIDE
> Sole Proprietor,
> May 16, 2018

21184210

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):
Audrey A. Beaman, Deputy County Counsel [205177]
DONNA R. ZIEGLER, County Counsel [142415]
Office of the County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, CA 94612
TELEPHONE NO.: (510) 272-6700    FAX NO.:
ATTORNEY FOR (Name): Plaintiff County of Alameda
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: County of Alameda - Northern Division
CASE NAME: County of Alameda v. Ronald Boyede Olajide

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY

MAY 21 2018

CLERK OF THE SUPERIOR COURT
By _Sue Clark_

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER R618909233 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[X] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Two (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: May 21, 2018
Audrey A. Beaman, Deputy County Counsel [
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

1 | DONNA R. ZIEGLER [142415]
County Counsel
2 | Audrey A. Beaman [205177]
Deputy County Counsel
3 | County of Alameda
1221 Oak Street, Suite 450
4 | Oakland, California 94612-4296
Telephone:   (510) 272-6700
5 |
6 | Attorneys for Plaintiff, County of Alameda
7 |
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 | COUNTY OF ALAMEDA
10 |
11 | COUNTY OF ALAMEDA,

Plaintiff(s),

Case No.: RG18909233

12 | vs.

**PROOF OF SERVICE**

13 | RONALD BOYEDE OLAJIDE,

Defendant(s).

**PROOF OF SERVICE**
County of Alameda v. Ronald Boyede Olajide
Case No.: RG18909233

I, Judy A. Martinez, declare:

I am employed in the County of Alameda, State of California, over the age of 18 years and not a party to the within case. My business address is 1221 Oak Street, Suite 450, Oakland, CA 94612-4296.

**SERVICE BY U.S. CERTIFIED RETURN RECEIPT MAIL (#7002 2030 0006 2254 6018)**

On this day, following ordinary business practices. I placed a true and correct hard copy of the document(s) entitled:

1. **CIVIL CASE COVER SHEET;**

2. **PETITION FOR RELEASE OF PROPERTY FROM LIEN;**

3. **NOTICE OF HEARING (AMENDED) – CIVIL LAW AND MOTION: PETITION FOR RELEASE OF PROPERTY FROM LIEN;** (08/15/18, 9:00 a.m.., Department: 511, Hayward Hall of Justice, 2ND Floor, 24405 Amador Street, Hayward, CA).

into a fully pre-paid envelope sealed and addressed as follows, for collection and mailing with the Unites States Postal Service.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, outgoing correspondence is collected every day from a designated place for collection and deposited with the United States Postal Service the same day.

Ronald Boyede Olajide
4200 Park Blvd., #137
Oakland, CA 94602

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge. Executed at Oakland, California, on July 10, 2018.

Judy A. Martinez

County of Alameda
1221 Oak Street
Suite 450
Oakland, CA 94612

Ronald Boyede Olajide

# Superior Court of California, County of Alameda
## Hayward Hall of Justice

| County of Alameda | | No. RG18909233 |
|---|---|---|
| VS. | Plaintiff/Petitioner(s) | |
| Olajide | | NOTICE OF HEARING (AMENDED) |
| | | Civil Law and Motion on 07/23/2018 has been vacated and rescheduled. |
| (Abbreviated Title) | Defendant/Respondent(s) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Civil Law and Motion: Petition for Release of Property from Lien

You are hereby notified to appear at the following Court location on the date and time noted below:

Civil Law and Motion:
DATE: 08/15/2018    TIME: 09:00 AM    DEPARTMENT: 511
LOCATION: Hayward Hall of Justice, 2nd Floor
24405 Amador Street, Hayward

NOTE: Reset to generate a notice.

Dated: 06/28/2018

Chad Finke  Executive Officer / Clerk of the Superior Court

By  *Scott Sanchez*

_____
Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/29/2018.

By  *Scott Sanchez*

_____
Deputy Clerk