UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF ALAMEDA,<br>Plaintiff,<br>v.<br>RONALD BOYEDE OLAJIDE,<br>Defendant. | Case No. 18-cv-04955-HSG<br>**ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 8 |

Plaintiff County of Alameda ("Plaintiff" or "Alameda County") brings this motion to remand this case to Alameda County Superior Court.[1] *See* Dkt. No. 8. Because there is no basis for this Court to exercise jurisdiction, the Court **GRANTS** Plaintiff's motion and remands the case.

The events leading up to this case began on April 11, 2018, when Defendant Ronald Boyede Olajide ("Defendant" or "Olajide") recorded a claim for a mechanics lien in the amount of $2.5 billion on property owned by Alameda County. *See* Notice of Removal, Dkt. No. 1, Ex. A (page 11 in ECF numbering); *see also* Notice of Removal ¶¶ 3–4. Alameda County filed a petition for release of property from lien in state court on May 21. *See* Notice of Removal, Ex. C (page 13 in ECF numbering). Olajide removed the case to this Court on August 15, claiming jurisdiction under 28 U.S.C. § 1443(1). *See* Notice of Removal ¶ 7.

A defendant may remove a state civil action to federal court when he "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). A petition for removal under § 1443(1) must satisfy the two-part test articulated by the

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 (1966) and *City of Greenwood v. Peacock*, 384 U.S. 808, 824–28 (1966). *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). "First, the petitioners must assert . . . rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Olajide has not shown that he has been denied or cannot enforce his federal civil rights in California state court. He has failed to "identif[y] a California statute or constitutional provision that purports to command the state court to ignore [his] federal civil rights." *See Bartlett v. Patera*, 741 F. App'x 511, 511 (9th Cir. 2018). And his allegations that he will be unable to enforce his rights in state court, *see* Notice of Removal ¶¶ 9–13, are insufficient to support removal. *See City of Greenwood*, 384 U.S. at 827.

Because there is no basis for federal jurisdiction under 28 U.S.C. § 1443(1), the Court **GRANTS** Plaintiff's motion to remand. In addition, because this Court does not have jurisdiction, the Clerk is **DIRECTED** to terminate Defendant's motions to dismiss and for leave to file a counterclaim, *see* Dkt. No. 11, and Plaintiff's motion to dismiss Defendant's counterclaims, *see* Dkt. No. 16, and to remand this case to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: 11/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge